UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMEL REED,

                     Plaintiff,                           **MEMORANDUM AND ORDER**

               v.                                 22-CV-205 (RPK) (LB)

DETECTIVE CUMMO, *Unit 3784*, and
NYPD SPECIAL VICTIMS DIVISION,

                   Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

     *Pro se* plaintiff Jamel Reed brings an action under 42 U.S.C. § 1983 against the Special

Victims Division ("SVD") of the New York Police Department ("NYPD") and an NYPD

detective named Cummo.  *See* Compl. (Dkt. #1).  Plaintiff's request to proceed *in forma*

*pauperis* is granted.  For the reasons stated below, plaintiff's complaint is dismissed.

## BACKGROUND

     The factual allegations in the complaint are sparse.  Plaintiff alleges that a detective,

presumably Cummo, investigated a rape case from October 2021 to January 2022.  *See* Compl. at

5.  The detective allegedly watched video footage, refused to move the case forward, and then

closed the case "without [plaintiff's] signature."  *Ibid.*  Plaintiff alleges that the defendants

engaged in "sex discrimination."  *Id.* at 4.  As a result of defendants' actions, plaintiff allegedly

suffered chest pains and incurred hospital bills.  *Id.* at 6.  Plaintiff filed this lawsuit on January

13, 2022.

## STANDARD OF REVIEW

     When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case

if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on

which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted).  Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff's Section 1983 claims against defendants are dismissed for failure to state a claim upon which relief may be granted.

## I.      Claims Against the SVD

The NYPD and its divisions are a "non-suable agency" of the City of New York. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).  Pursuant to the New York City Charter, claims against the NYPD and its subdivisions should be brought against the city. *See* N.Y.C. Charter Ch. 17 § 396; *Walston v. City of New York*, 289 F. Supp. 3d 398, 402 n.1 (E.D.N.Y. 2018), *aff'd*, 754 F. App'x 65 (2d Cir. 2019); *see, e.g.*, *Richardson v. N.Y.C. Police*

*Dep't*, No. 12-CV-5753 (ARR), 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions . . . may not be sued directly; instead, any suit against a City agency must be brought against the City of New York."). Therefore, plaintiff's claims against the SVD are dismissed.

## II.        Claims Against Detective Cummo

Because plaintiff has failed to properly allege that Detective Cummo deprived him of his federal rights, plaintiff's Section 1983 claim is dismissed.

Plaintiff's allegations that Detective Cummo failed to adequately investigate a crime fail to state a Section 1983 claim. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). Therefore, to state a Section 1983 claim, a plaintiff must allege the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). But "there is no constitutional right to an adequate investigation" by the police and a "failure to investigate is not independently cognizable as a stand-alone claim under Section 1983." *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (citations and internal quotation marks omitted); *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) (similar); *Ash v. City of New York*, No. 16-CV-9548 (GHW), 2020 WL 58240, at *8 (S.D.N.Y. Jan. 6, 2020) (similar); *see Schweitzer v. Brunstein*, No. 16-CV-1172 (RRM) (LB), 2016 WL 4203482, at *2 (E.D.N.Y. Aug. 9, 2016) ("A police officer's failure to pursue a particular investigative path is not a constitutional violation.").

Nor has plaintiff alleged an equal protection violation. "[T]he State may not, of course, selectively deny its protective services to certain disfavored minorities . . . ." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 n.3 (1989). As a result, some "[c]ourts

have recognized [S]ection 1983 equal protection claims based upon discriminatory failures by public officials to conduct proper investigations." *Daniels v. City of Binghamton*, No. 95-CV-688, 1998 WL 357336, at *5 (N.D.N.Y. June 29, 1998); *see Eagleston v. County of Suffolk*, 790 F. Supp. 416, 418-422 (E.D.N.Y. 1992).  But plaintiff has not adequately pleaded a claim of that type, because while he asserts that defendants engaged in sex discrimination, he sets out no factual allegations to support that claim. *See* Compl. at 4.  A "mere conclusory statement[]" does not suffice. *Iqbal*, 556 U.S. at 678.

Accordingly, plaintiff's Section 1983 claim against Detective Cummo is dismissed.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted.  Plaintiff's claims against all defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff may file an amended complaint within thirty days to remedy the deficiencies described above.  *See Cuoco*, 222 F.3d at 112.  No summons shall issue at this time and all further proceedings shall be stayed for thirty days.  If plaintiff fails to amend the complaint within thirty days from this Order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: February 25, 2022
       Brooklyn, New York

4